The State ex rel. Weeks et al. v. Dampier et al.—Syllabus.

---

THE STATE OF FLORIDA *ex rel.* R. B. WEEKS, T. A. DOKE AND W. J. MARTIN, AS MEMBERS OF AND CONSTITUTING THE BOARD OF PUBLIC INSTRUCTION OF THE COUNTY OF ALACHUA, FLORIDA, PLAINTIFFS IN ERROR, v. J. G. DAM-PIER, J. G. OSTEEN, C. C. PEDRICK, F. F. PAULLING AND J. F. TOWNSEND, AS COUNTY COMMISSIONERS, DEFEND-ANTS IN ERROR.

Where on writ of error the relator in mandamus proceedings disclaims an intention to have the writ cover matters included within its terms upon which issues are made by the respondents, an order quashing the alternative writ will be affirmed and the cause will be remanded with leave to amend the alternative writ.

This case was decided by Division A.

Writ of error to the circuit court for Alachua county.

The facts in the case are stated in the opinion of the court.

*J. M. Rivers* and *W. W. Hampton*, for Plaintiffs in Error;

*B. A. Thrasher*, for Defendants in Error.


WHITFIELD, J.: The following act of the legislature appears on page 374 of the Acts of 1905, as Chapter 5552, Laws of Florida:

## "CHAPTER 5552 (No. 181).

AN ACT to Provide for the Payment of all Surplus Funds in the Fine and Forfeiture Fund of Alachua County, in the State of Florida, Exceeding Four Thousand Dollars, into the School Fund of Said County.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. That all funds in the hands of the county treasurer of Alachua county, Florida, to the credit of the fine and forfeiture fund of said county, exceeding four thousand dollars, shall be paid into the school fund of said county, and the county commissioners of said county shall draw their warrant in favor of the board of public instruction thereof for all such funds on their first meeting in July and January of each year, and the warrant so drawn shall be cashed into the school fund of the county, without any treasurer's commissions therefor.

Sec. 2. That this act shall take effect immediately upon its becoming a law.

Approved May 17, 1905."

On March 5th, 1905, the judge of the eighth judicial circuit issued an alternative writ of mandamus commanding the defendants in error, as the county commissioners for Alachua county, Florida, to "issue to the said R. B. Weeks, T. A. Doke and W. J. Martin, as members of and constituting the board of public instruction for the county of Alachua, State of Florida, a warrant against the funds in the hands of the treasurer of Alachua county, Florida, to the credit of the fine and forfeiture fund of said county for the sum of $13,421.10," or show cause for not doing so.

The respondents, as county commissioners, moved to quash the alternative writ, on the grounds that: (1) There are no sufficient parties to the relation; (2) the allegations and statements in said writ are vague, indefinite and contradictory; (3) there is no law imposing upon them the duty of issuing to R. B. Weeks, T. A. Doke and W. J. Martin, as members of and constituting the board of public instruction for the county of Alachua, state of Florida, a warrant against the funds in the hands of the treasurer of Alachua county, Florida, to the credit of the fine and forfeiture fund of said county for the sum of $13.421.19; (4) that Chapter 5552, Acts of 1905, is in conflict with Article III and Sections 20 and 21 of said Article III of the Constitution of Florida, and is null and void; (5) that said Chapter 5552, Acts of 1905, is in conflict with the provisions of Article XII of the Constitution of this state, and is null and void; (6) that said Chapter 5552, Acts of 1905, is in conflict with Section 1, Article IX, of the Constitution of Florida, and is null and void.

This motion was granted and the alternative writ of mandamus was quashed. The relators took a writ of

error, and assign as errors the order sustaining the motion and quashing the writ.

The alternative writ alleges "that the county commissioners of said Alachua county, Florida, have not during the past four years levied any tax or assessment on the real and personal property of said Alachua county for the fine and forfeiture fund, except one-half mill on the dollar levied in the year A. D. 1903, and that the money now remaining in the said fine and forfeiture fund was largely, if not entirely, obtained from the money arising from the hire of state convicts and fines and forfeitures arising from convictions of crime had in the county of Alachua, Florida; that there now is in the hands of the county treasurer of Alachua county, Florida, to the credit of the fine and forfeiture fund of said county, the sum of $17,421.19, and that the said R. B. Weeks, T. A. Doke and W. J. Martin, as members of and constituting the board of public instruction for the county of Alachua, state of Florida, are entitled to have the sum of $13,421.19 of the funds now in the hands of the county treasurer of Alachua county, Florida, to the credit of the fine and forfeiture fund of said county paid into the school fund of said county, and to have a warrant issued by the county commissioners of said Alachua county to them for the said sum of $13,421.19, and to have the same cashed into the school fund of said Alachua county, Florida."

It is clear from the above allegations of the alternative writ that the fine and forfeiture fund of the county consisted, at the date of the writ, of money derived from a tax levy, money derived from fines and forfeitures collected, and money derived from the hire of State convicts.

Counsel for the plaintiffs in error in the argument at the bar disclaimed any intention to have the writ cover

the money as to which the constitutional questions are raised, and stated that the purpose of the writ was to have only the surplus money derived from the hire of state convicts, and now in the fine and forfeiture fund of the county, transferred to the county school fund, under the act of 1905. The alternative writ, however, includes, besides the surplus money derived from the hire of state convicts, other money in the fine and forfeiture fund of the county. This being so, the order quashing the alternative writ must be affirmed, as the writ of mandamus must be enforced in its entirety, if at all. State *ex rel.* v. Atlantic Coast Line Ry. Co., 51 Fla. 578, 40 South. Rep. 875.

The order quashing the alternative writ is affirmed, and the cause is remanded, with leave to amend the alternative writ so as to include only the money derived from the hire of state convicts. Let it be so ordered.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.